LEE, P.J., for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On the morning of October 3, 2003, in Grenada, Mississippi, Rodney Wash killed his live-in girlfriend and the mother of his two children, Tomekia Mitchell. Mitchell had been stabbed fourteen times in the head and neck. Mitchell also had twenty-one slash wounds on her hands. The weapon used to kill Mitchell was a kitchen knife with a serrated blade. Wash and Mitchell’s two children, Temeiah Mitchell, seven years old at the time of the crime, and Tiakka Wash, three years old at the time of the crime, each testified that they saw Wash stab Mitchell and then stab himself. After killing Mitchell, Wash slashed his wrists with the knife and immersed his head in a fish tank, apparently attempting to end his life.
¶ 2. The night prior to the murder, Wash and Mitchell argued over a letter which was written by Temeiah’s teacher. Wash apparently thought a man had written the letter to Mitchell because it was signed “I still love ya! M.” That same night, Wash wrote a goodbye letter to the girls and also left a note in the Bible for the girls.
¶ 3. Carnel Farmer, an officer with the Grenada Police Department, testified that he arrived at the scene and found Wash lying on the front porch. Farmer also testified that blood was on the porch as well as part of the letter. Farmer stated that Wash said Mitchell had tried to kill him and he did not mean to kill her.
¶ 4. On February 1, 2005, a jury in the Grenada County Circuit Court found Wash guilty of murder. Wash was sentenced to serve a term of life in prison in the custody of the Mississippi Department of Corrections. Wash filed a motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial. On March 10, 2005, the trial court denied Wash’s motions. Aggrieved, Wash now appeals to this Court asserting only one issue, which we cite verbatim: “Whether the trial court erred when it failed to grant [Wash’s] motion for directed verdict, peremptory instruction, and JNOV, or, in the alternative, a new trial because the evidence was legally insufficient to support the jury’s verdict of guilty of deliberate design murder.”
ISSUES
I. WAS THE EVIDENCE LEGALLY SUFFICIENT TO SUPPORT THE VERDICT?
¶ 5. In his only issue on appeal, Wash asserts that the evidence was legally insufficient to support the jury verdict. Specifically, Wash argues that his motion for a directed verdict, peremptory instruction, and JNOV should have been granted. “The standard of review for a denial of a directed verdict, peremptory instruction and a JNOV are identical.” Hawthorne v. State, 835 So.2d 14, 21(¶ 31) (Miss.2003). All three challenge the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). In reviewing the sufficiency of the evidence, all evidence supporting the guilty verdict is accepted as true, and the State must be given the benefit of all reasonable inferences that can be reasonably drawn from the evidence. Bell v. State, 910 So.2d 640, 646(¶ 16) (Miss.Ct.App.2005). Furthermore, it is well-settled law that the jury determines the credibility of witnesses and *674 resolves conflicts in the evidence. Evans v. State, 725 So.2d 613, 680-81 (¶293) (Miss.1997).
¶ 6. Wash asserts that the State proved all the elements of heat of passion manslaughter and not deliberate design murder. Wash also argues that there was no evidence to establish beyond a reasonable doubt that he ever formed the level of intent necessary to be convicted of deliberate design murder.
¶ 7. Murder is defined as “[t]he killing of a human being without the authority of law by any means or in any manner shall be murder in the following cases: (a) [w]hen done with deliberate design to effect the death of the person killed.... ” Miss.Code Ann. § 97-3-19 (Supp.2005). Manslaughter is defined as “[t]he killing of a human being, without malice, in the heat of passion, but in a cruel or unusual manner, or by the use of a dangerous weapon, without authority of law, and not in necessary self-defense .... ” Miss.Code Ann. § 97-3-35 (Rev.2000).
¶ 8. The question of whether a defendant has committed murder or manslaughter is ordinarily a question to be resolved by the jury. Strahan v. State, 729 So.2d 800, 806(¶ 24) (Miss.1998); Kelly v. State, 783 So.2d 744, 754(¶ 27) (Miss.Ct.App.2000). In this case, the jury was instructed on both manslaughter and murder. The jury concluded that Wash committed the murder.
¶ 9. There is ample evidence to support the guilty verdict. There was testimony that Wash and Mitchell argued on the night prior to the murder. Wash wrote a goodbye letter to his girls and left another note for them in a Bible. The goodbye letter stated that he loved them and that he “never wanted to hurt anyone, but I have hurt so many. God, please, please, please forgive me for my actions.” The letter, in which Wash also said goodbye to other family members, was signed, “I’m so, so sorry. Good night, RIP.” There were tears drawn on the letter. In his videotaped confession, Wash stated that “RIP” stood for “Rest in Peace,” but then moments later stated that it meant “Rodney in Peace.”
¶ 10. Furthermore, in perhaps the most damaging testimony, both girls testified that they saw Wash stab Mitchell repeatedly and then stab himself, contradicting Wash’s assertion that Mitchell incited the altercation by stabbing him. We find that there was sufficient evidence for the jury to find Wash guilty of the murder of Mitchell. This issue is without merit.
¶11. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVELY TO ANY SENTENCE PREVIOUSLY IMPOSED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.